## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC QUINTANA,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAMDEN COUNTY JAIL,<br><br>                    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06829(JBS-AMD)<br><br>**OPINION** |

APPEARANCES

Eric Quintana
Plaintiff Pro Se
914 Bobwood Avenue
Gloucester City, NJ 08030

**SIMANDLE, Chief District Judge:**

1.  Plaintiff Eric Quintana seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.  28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

1

3.   For the reasons set forth below, the Court will dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.   First, the Complaint must be dismissed with prejudice as to claims made against the CCJ because defendant is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, No. 16-3412, 2016 WL 6134846, at *2 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

5.   Second, the Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under 28 U.S.C. § 1915(e)(2)(b)(ii). Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

6.   To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-

show that the claim is facially plausible. *Fowler v. UPMS
Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308
n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or
conclusions' or 'a formulaic recitation of the elements of a
cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,
678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 555 (2007)). Moreover, while *pro se* pleadings are liberally
construed, "*pro se* litigants still must allege sufficient facts
in their complaints to support a claim." *Mala v. Crown Bay
Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation
omitted) (emphasis added).

7.    With respect to alleged facts giving rise to his
claims, Plaintiff's Complaint states that he "was forced to
sleep on the floor next to the toilet. Nobody did anything."
Complaint § III(C).

---

1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017)
(citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir.
2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000));
*Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012)
(discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*,
287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. §
1915A(b)).

8.   With respect to dates and times of the purported events giving rise to his claims, Plaintiff states: "July 21, 2009 to May 2011[;] Sept 1, 2013 to Sept 17, 2013." *Id.* § III(B).

9.   Plaintiff does not identify any injuries related to the alleged events. *Id.* § IV ("n/a").

10.   Plaintiff "want[s] what the Court feels is a fair amount." *Id.* § V.

11.   Plaintiff's claims must be dismissed because the Complaint does not set forth enough factual support for the Court to infer that a constitutional violation has occurred.

12.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis

4

requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

13. Finally, Plaintiff's claims are barred by the statute of limitations. "[P]laintiffs who file complaints subject to dismissal should receive leave to amend unless amendment would be inequitable under [§ 1915] or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's Complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[2] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*,

---

[2] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted).

14.  With respect to dates and times of the purported events giving rise to the alleged claims, Plaintiff states: "July 21, 2009 to May 2011[;] Sept 1, 2013 to Sept 17, 2013." Complaint § III(B). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff at the time of his detention in CCJ. Accordingly, the statute of limitations for Plaintiff's claims expired in September 2015. As there are no grounds for equitable tolling of the statute of limitations,[3] the Complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

---

[3] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

15.   For the reasons stated above, the Complaint is

dismissed with prejudice for failure to state a claim.

16.   An appropriate order follows.


**February 2, 2017**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge